BROWN, *et al. v.* BROWN, ADMINISTRATOR.

5-236                                    262 S. W. 2d 896

Opinion delivered December 21, 1953.

*John P. Vesey,* for appellant.

*L. L. Mitchell,* for appellee.

GEORGE ROSE SMITH, J. This appeal questions the action of the probate court in allowing a fee of $150 to L. L. Mitchell as attorney for the estate of Virginia Brown, it being contended that Mitchell's services were rendered to the administrator personally rather than to the estate. Since the appellants have not brought up the testimony heard below the only question is whether error appears on the face of the record.

Mrs. Brown died on September 3, 1951, survived by seven children. Five days later a son, Austin Brown, was named as administrator of the estate. Austin approved certain claims in favor of himself and of one of his sisters. Charging that these allowances were improper, four of the other children petitioned the court for Austin's removal. After a hearing on April 1, 1952, the court accepted Austin's resignation and directed that he turn over to his successor, W. H. Baker, the balance of $497 then remaining in the estate. A year later the court directed Austin to file a final report, and the objecting members of the family excepted to Austin's taking credit for the fee paid to Mitchell.

In the absence of the testimony we must presume the court's action to have been correct. It appears from Austin's final report that the fee in controversy was deducted from the assets of the estate in arriving at the $497 balance paid over to Baker. We are told that all the heirs were aware at that time that the fee had been paid, yet they made no complaint. This is a matter that may have been explored in the proof. Again, it appears that Mitchell served as attorney for both the personal representatives. The trial court stated that it was his intention that the fee compensate the attorney for all his work. The probate court is authorized to fix or approve a fee of this kind, Ark. Stats. 1947, § 62-2208; and without the evidence we cannot say with certainty that the amount allowed is excessive.

Affirmed.

McFADDIN, J., not participating.